Glenn R. Kantor – SBN 122643
 E-mail: gkantor@kantorlaw.net
Alan E. Kassan – SBN 113864
 E-mail: akassan@kantorlaw.net
Brent Dorian Brehm – SBN 248983
 E-mail: bbrehm@kantorlaw.net
KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525 (Tel)
(818) 350 6272 (Fax)

Attorneys for Plaintiff,
Christopher Chow

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CHOW,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>RIVERSOURCE LIFE INSURANCE COMPANY, and AMERIPRISE FINANCIAL SERVICES, INC.<br><br>　　　　Defendants. | Case No.: 3:16-cv-563<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR**<br><br>**(1) BREACH OF CONTRACT**<br><br>**(2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**(3) NEGLIGENCE**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff Christopher Chow ("Chow") herein sets forth the allegations of his Complaint against Defendants RiverSource Life Insurance Company & Ameriprise Financial Services, Inc.

## **PRELIMINARY ALLEGATIONS**

1. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $300,000.00.

2. Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

3. Plaintiff is informed and believes that Defendant RiverSource Life Insurance Company (hereinafter "RiverSource") is a corporation incorporated in and with its principal place of business in the State of Minnesota, authorized to transact and transacting business in the Northern District of California and can be found in the Northern District of California.

4. Plaintiff is informed and believes that Defendant Ameriprise Financial Services, Inc., (hereinafter "Ameriprise") is a corporation incorporated in and with its principal place of business in the State of Minnesota, authorized to transact and transacting business in the Northern District of California and can be found in the Northern District of California.

5. Plaintiff is informed and believes, and thereupon alleges, that Defendants RiverSource Life and Ameriprise Financial Services are related entities, and are both wholly owned subsidiaries of Ameriprise Financial, Inc. Plaintiff is further informed and believes and thereupon alleges that Ameriprise administered policies for RiverSource and provided certain policyholder services to RiverSource policyholders. Ameriprise acted as, and is, the agent of RiverSource in administering the policy at issue in this complaint.

6. Plaintiff, Christopher Chow, is a resident and citizen of San Mateo County, California.

# FIRST CLAIM FOR RELIEF AGAINST DEFENDANT RIVERSOURCE LIFE INSURANCE COMPANY FOR BREACH OF CONTRACT

7. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, Vicki Zhu was a citizen and resident of San Mateo County, State of California. On or about November 11, 1999, Ms. Zhu while a single woman, purchased a Variable Universal Life Insurance Policy from Defendant RiverSource Life Insurance Company, Account # 0909 0644 0089 0 004 (the "Policy").

9. Plaintiff and Ms. Zhu were married on March 24, 2003. They remained married at all relevant times thereafter.

10. From the date of purchase of the Policy, up and until the date of Ms. Zhu's marriage to Plaintiff, Ms. Zhu paid the premiums on the Policy with her own separate property.

11. From the date Ms. Zhu married Plaintiff, through the date of her death on November 19, 2015, all premiums on the Policy were paid with funds which were the community property of Vicki Zhu and Plaintiff.

12. At the time Ms. Zhu originally purchased the Policy, she designated three beneficiaries of the life benefit under the Policy: her parents, Yan Feng (Mother) and Zuming Zhu (Father), and her brother, Yuan Zhu.

13. Prior to her death, Ms. Vicki Zhu had also established an Ameriprise Trust Company Roth Contributory IRA, Ameriprise Account Number 0020 1473 2522 7 002, Plan ID 3137972 (the "IRA").

14. Ameriprise maintained a client number for Ms. Zhu of 1834 4603 8.

15. Ameriprise administered multiple accounts under Ms. Zhu's client number, including the Policy and the IRA.

16. In November 2015, Vicki Zhu was suffering from terminal colon cancer. On or before November 17, 2015, to ensure that her husband received all benefits from the financial instruments she had with Defendants, Ms. Zhu telephoned her Ameriprise Financial Services Advisor, Tom Simanek. Plaintiff is informed and believes, and thereupon alleges, that Mr. Simanek is an employee of Ameriprise Financial Services, Inc., that he works in the Redwood Shores office of Ameriprise, and was charged with advising Ms. Zhu regarding her RiverSource and Ameriprise accounts and policies, and also charged with the responsibility to administer any changes she sought to make to the terms of her coverages, including beneficiary changes on the Policy.

17. During said telephone call, Ms. Zhu advised Mr. Simanek that she wanted to effectuate any necessary changes to her accounts with Defendants, and each of them, such that her husband, Plaintiff, was the primary beneficiary of all benefits under all policies or accounts she maintained with Defendants.

18. Mr. Simanek, Ameriprise, RiverSource, and the employees of Ameriprise and RiverSource all had a duty to facilitate the administration of, and to actually administer, Ms. Zhu's accounts in accordance with her intent.

19. On November 17, 2015, Mr. Simanek provided to Ms. Zhu a number of forms which he advised the Plaintiff and Ms. Zhu were necessary to effectuate the beneficiary changes Ms. Zhu had requested. The forms referenced both IRA accounts and Life Insurance.

20. On November 17, 2015, Ms. Zhu executed the forms provided to her by Mr. Simanek, thus effectuating her intent to make her husband, Plaintiff Christopher Chow, the primary beneficiary of all of her benefits under the accounts/policies she maintained with defendants. (Exhibit 1 hereto, redacted pursuant to Federal and Local rules regarding private personal information.)

21. Prior to her death, Ms. Zhu sent Exhibit 1 to Ameriprise.

22. On November 19, 2015, Ms. Zhu died.

23. On November 25, 2015, Plaintiff contacted Mr. Simanek to inquire how to submit an application for the life benefits that were payable to him as the beneficiary of Ms. Zhu's accounts with Defendants.

24. During the November 25, 2015 communication between Plaintiff and Mr. Simanek, Mr. Simanek advised Plaintiff, for the first time, that Mr. Simanek had erred in completing the forms he had provided to Ms. Zhu. Mr. Simanek explained that he had erroneously only referenced her IRA and had failed to specifically write down the number of Ms. Zhu's Policy.

25. During the November 25, 2015 communication between Plaintiff and Mr. Simanek, Mr. Simanek orally advised Plaintiff that he (Mr. Simanek) had erred in completing the forms.

26. Plaintiff was emotionally devastated by the information he received from Mr. Simanek, as Ms. Zhu and Plaintiff had discussed at length that the monies Plaintiff would receive upon her death were to be used to take care of their young children, Marrisa, (11) and Amber (7).

27. During the November 25, 2015 communication between Plaintiff and Mr. Simanek, Plaintiff inquired of Mr. Simanek as to what Mr. Simanek was going to do to rectify the error. Mr. Simanek advised Plaintiff that he was going to confer with the Ameriprise Redwood Shores Branch Office Manager, Mark Taylor, in an effort to fix his mistake.

28. Thereafter, not having received a satisfactory response from anyone at RiverSource or Ameriprise, Plaintiff sent e-mails to Mr. Taylor in an effort to ascertain how Mr. Simanek's error was going to be rectified.

29. On December 29, 2015, Plaintiff spoke on a recorded line with Steve Ballinger, a supervisory employee of Ameriprise, who conceded that a beneficiary designation form error had been made by Mr. Simanek, and that the Defendants would resolve the situation with 48 hours.

30. On January 4, 2016, not having heard back from Mr. Ballinger, Plaintiff contacted Mr. Ballinger and the two again spoke on a recorded line. During this call, Mr. Ballinger acknowledged that Mr. Simanek had admitted failing to provide to Ms. Zhu forms which had been correctly filled out to reflect the changes Ms. Zhu desired to be made. Mr. Ballinger also acknowledged that Ameriprise knew Ms. Zhu's wishes had been to have Plaintiff become the beneficiary of her accounts/policies. Despite making the foregoing admissions, Mr. Ballinger advised Plaintiff that the Defendants would not accept responsibility for the harm caused by its errors.

31. On January 6, 2016, Jill Jasper, the Directory, Insurance Claims, RiverSource Life Insurance Company, directed a letter to Plaintiff, advising that Plaintiff was not the beneficiary of Ms. Zhu's life insurance, and requesting that Plaintiff assist RiverSource in obtaining the contact information for the beneficiaries (Plaintiff's in-laws).

32. On January 11, 2016, Plaintiff directed a letter to Jill Jasper advising of his position regarding the errors made by Defendants. Plaintiff also pointed out that, as Ms. Zhu's spouse, he had spousal rights to the benefits.

33. On January 12, 2016, Ms. Jasper responded to Plaintiff in a letter advising him that, while she was sending him beneficiary forms, he was not the beneficiary of the Policy. Ms. Jasper also solicited assistance from Plaintiff in obtaining contact information for his mother-in-law, father-in-law, and brother-in-law.

34. On January 16, 2016, Plaintiff submitted notarized claim forms seeking the death benefits under the subject Policy. To date, Defendants have rejected his claim in breach of the contract.

35. At all times relevant, all premiums due to maintain Plaintiff's coverage in full force and effect under the Policy were paid to RiverSource from the community property funds of Plaintiff and Vicki Zhu.

36. As a direct and proximate result of RiverSource's improper determination regarding Plaintiff's entitlement to the Policy benefits, Plaintiff has been deprived of the right to obtain benefits under the terms of the Policy.

37. RiverSource's conduct constitutes a breach of the insurance contract between RiverSource and Ms. Zhu, and between RiverSource and the Plaintiff in his capacity as the beneficiary of the contract between Ms. Zhu and RiverSource. As a direct and proximate result of RiverSource's breach of the Policy, Plaintiff has suffered contractual damages under the terms and conditions of the Policy that will continue, plus interest and other incidental damages and out-of-pocket expenses, all in the sum to be determined according to proof at the time of trial, but in excess of the jurisdictional minimum amount required by this Court for an action predicated on diversity jurisdiction.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT RIVERSOURCE INSURANCE COMPANY FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

38. Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

39. RiverSource has breached its duty of good faith and fair dealing owed to Plaintiff in the following respects:

   (a) Unreasonably withholding benefits from Plaintiff in bad faith at a time when RiverSource knew Plaintiff was entitled to said full benefits under the Policy;

   (b) Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the denial of Plaintiff's claim for LTD benefits;

(c) Unreasonably delaying payments to Plaintiff in bad faith knowing Plaintiff's claim for benefits under the Policy was valid;

(d) Unreasonably failing to properly investigate Plaintiff's claim, including his claim for a minimum of 50% of the benefits under California's Community Property Laws; and

(e) Unreasonably compelling Plaintiff to institute litigation to recover amounts due under the policy in an effort to further discourage Plaintiff from pursuing his full policy benefits.

40. Plaintiff is informed and believes and thereon alleges that RiverSource has breached its duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware. Plaintiff will amend this Complaint at such time as Plaintiff discovers these other acts or omissions.

41. As a proximate result of the aforementioned wrongful conduct of RiverSource, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

42. As a further proximate result of the aforementioned wrongful conduct of RiverSource, Plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to Plaintiff's general damage in a sum to be determined at the time of trial.

43. As a further proximate result of the aforementioned wrongful conduct of RiverSource, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, RiverSource is liable to Plaintiff for those attorneys' fees reasonably necessary and incurred by Plaintiff to obtain Policy benefits in a sum to be determined at the time of trial.

## THIRD CLAIM FOR RELIEF FOR NEGLIGENCE AGAINST DEFENDANTS RIVERSOURCE INSURANCE COMPANY AND AMERIPRISE FINANCIAL SERVICES, INC.

44. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

45. During Ms. Zhu's lifetime, Defendants RiverSource and Ameriprise, via its employee/agent Tom Simanek, was advised that Ms. Zhu wanted to change the beneficiary on the Policy to Plaintiff. Mr. Simanek acknowledged Ms. Zhu's wish, and provided her with the necessary form to effectuate the beneficiary change. However, Mr. Simanek erred in the manner in which he completed the change of beneficiary form for Ms. Zhu's signature. His error was not discovered until after Ms. Zhu's death. Mr. Simanek has acknowledged his error.

46. Rather than fulfill its obligations to her as her agent, Defendants Ameriprise and RiverSource, in inaccurately preparing the change of beneficiary form, failed in its duties, responsibilities and obligations to Ms. Zhu. As a result RiverSource has failed to acknowledge that the Plaintiff is the proper beneficiary of the benefits under the Policy which is the subject of this action. RiverSource and Ameriprise's negligent conduct has resulted in the denial of the Plaintiffs' benefit claim.

47. As a direct, proximate and legal result of said negligent conduct on the part of Defendants RiverSource and Ameriprise, the Plaintiff has been, and continues to be, damaged in an amount according to proof, and the Plaintiff has been required to expend attorneys' fees and costs in pursuing relief to which he is entitled as a matter of law.

48. As a further direct, proximate and legal result of the wrongful conduct of RiverSource and Ameriprise, the Plaintiff has also sustained other economic damages and emotional distress damages, in addition to the damages as set forth in preceding paragraphs, and other damages in an amount to be proven at trial.

# REQUEST FOR RELIEF

WHEREFORE, with regards to the first and second claim for relief, Plaintiff prays for judgment against RiverSource as follows:

1. Damages for failure to provide full benefits under the Policy for past, present, and future benefits, in an amount to be determined at the time of trial but in excess of $300,000.00, including interest accrued at the rate of 10% annually from the date of Ms. Zhu's death;

2. General damages for mental and emotional distress and other incidental damages in the sum of $1,000,000.00;

3. Attorneys' fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial;

4. Costs of suit incurred herein; and

5. Such other and further relief as the Court deems just and proper.

WHEREFORE, with regard to the third claim for relief, the Plaintiff requests judgment against RiverSource and Ameriprise as follows:

6. Damages in the amount of $300,000, plus interest accrued at the rate of 10% annually from the date of Ms. Zhu's death;

7. General Damages in an amount to be determined at the time of trial;

8. For costs of suit incurred herein; and

9. For such other and further relief as the Court deems just and proper.

DATED:  February 2, 2016                    KANTOR & KANTOR, LLP

                                            By:   /s/ Glenn R. Kantor
                                            Glenn R. Kantor
                                            Attorneys for Plaintiff,
                                            Christopher Chow

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED:  February 2, 2016                                KANTOR & KANTOR, LLP

                                  By:     /s/ Glenn R. Kantor
                                         Glenn R. Kantor
                                         Attorneys for Plaintiff,
                                         Christopher Chow